UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AARON ABADI,                                           :

        Plaintiff,

                                  :          OPINION AND ORDER
      -against-                               21 Civ. 11073 (RA) (GWG)

                                  :

NYU LANGONE HEALTH SYSTEM
et al.,                                                :

        Defendants.                           :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       Pro se plaintiff Aaron Abadi has brought suit against defendants NYU Langone Health System ("NYU Langone" or "NYU") and several NYU Langone employees for discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), see 42 U.S.C. §§ 12101 et seq., the New York State Human Rights Law, N.Y. Exec. Law. §§ 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. ("NYCHRL"), among other causes of action. See Complaint, filed Dec. 23, 2021 (Docket # 2). On December 7, 2023, the Court issued an opinion and order granting in part and denying in part Abadi's motion to amend his complaint. See Abadi v. NYU Langone Health Sys., 2023 WL 8461654 (S.D.N.Y. Dec. 7, 2023). In particular, the Court denied Abadi's request to add 17 new defendants. See id. Abadi has moved for reconsideration of that ruling.[1] For the following reasons, plaintiff's motion is denied.

---

[1] See Plaintiff's Motion for Reconsideration, filed Dec. 20, 2023 (Docket # 59) ("Mem."); Defendants' Memorandum of Law in Opposition, filed Jan. 3, 2024 (Docket # 62) ("Opp.").

I. <u>LEGAL STANDARD</u>

Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked."  Thus, a motion to reconsider is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  "The standard for granting a motion for reconsideration is strict," <u>RCC Ventures, LLC v. Brandtone Holdings Ltd.</u>, 322 F.R.D. 442, 445 (S.D.N.Y. 2017), and therefore such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citation and punctuation omitted); <u>accord</u> <u>Ortega v. Mutt</u>, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly.") (citation omitted).  The Second Circuit has held that "[a] motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.</u>, 729 F.3d 99, 104 (2d Cir. 2013) (quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Further, a party is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." <u>Navigators Ins. Co. v. Goyard, Inc.</u>, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022) (citation omitted).  In other words, "'a party may not advance new facts, issues or arguments not

previously presented to the Court' on a motion for reconsideration." Steinberg v. Elkman, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)); accord Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017).

Additionally, the rule permitting reconsideration must be "narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (citation and punctuation omitted). A narrow application of the rule not only "helps 'to ensure the finality of decisions,'" but also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Henderson v. Metro. Bank & Tr. Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quoting Naiman v. N.Y. Univ. Hosps. Ctr., 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)).

Finally, in reviewing Abadi's motion, we are mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and punctuation omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be construed liberally and interpreted "to raise the strongest arguments that they suggest") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, even a pro se complaint must contain factual allegations that "raise a right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

II. DISCUSSION

We next address the three broad grounds Abadi raises in his motion.

    A.    <u>Insufficient Allegations as to Eight Proposed Defendants</u>

In the Court's previous decision denying Abadi's request to add eight of the proposed defendants at issue here, the Court stated:

> The proposed complaint names a number of defendants not listed in the original complaint and makes no allegations regarding any of them. These proposed defendants are: Regina Grinblat, Nina Gonzalez, Johanna Pizarro, Jimmy Estevez, Maria Moschetta, Christine Cha, Michelle Miranda, and Harvard Protection. No further analysis is required to conclude that the motion for leave to add these defendants must be denied. <u>See</u>, <u>e.g.</u>, <u>Myers v. City of New York</u>, 2012 WL 3776707, at *3 (S.D.N.Y. Aug. 29, 2012) (dismissing action against party where "her name appears nowhere in the Complaint" but is only listed in the caption and in the list of defendants), <u>aff'd</u>, 529 F. App'x 105 (2d Cir. 2013); <u>accord</u> <u>Dove v. Fordham U.</u>, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (citation omitted), <u>aff'd</u>, 210 F.3d 354 (2d Cir. 2000).

<u>Abadi</u>, 2023 WL 8461654, at *4. Abadi argues that as to eight of the proposed defendants — consisting of Regina Grinblat, Nina Gonzalez, Johanna Pizarro, Jimmy Estevez, Maria Moschetta, Christine Cha, Michelle Miranda, and Harvard Protection Services, LLC — the Court erred in stating that the amended complaint made "no allegations regarding any of them." <u>See</u> Mem. at 2-3; <u>see also</u> <u>Abadi</u>, 2023 WL 8461654, at *4.

Abadi states that "[t]hese eight proposed Defendants were mentioned in the Counts of the Causes of Action," Mem. at 3, and thus allegations to each of them existed. Abadi points to two paragraphs of the proposed amended complaint, <u>see</u> First Amended Complaint, filed May 18, 2023 (Docket # 51) ("Prop. Compl."), at *47, *59,[2] where he makes allegations as to "[a]ll the

---

    [2] The proposed amended complaint is unpaginated. It contains paragraphs numbered from 1 to 109, appearing on ECF pages *1-*27, but then starts renumbering paragraphs from 1 to

4

Defendants," or all of the "Individual Defendants." However, as the Court explained in its previous decision, "[i]n examining the proposed amended complaint, we ignore the paragraphs that make allegations against all or some defendants in an undifferentiated manner as a group, including those with conclusory allegations of conspiracy." Abadi, 2023 WL 8461654, at *4. The allegations identified by Abadi are known as "group pleading" and are routinely rejected by courts as insufficient to state a claim as to any particular defendant. See Appalachian Enters., Inc. v. ePayment Sols., Ltd., 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) ("A plaintiff fails to satisfy [R]ule 8, where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong.") (internal punctuation and alterations omitted); Ahmed v. Miller, 2023 WL 4755595, at *4 (E.D.N.Y. June 16, 2023) (plaintiff's "generalized allegations against 'Defendants' as a group . . . are insufficient to establish [defendant]'s personal involvement."); Barkai v. Nuendorf, 2023 WL 2691712, at *15 (S.D.N.Y. Mar. 29, 2023) ("Plaintiff's group pleading fails to differentiate as to which defendant was involved in the alleged unlawful conduct, and is thus insufficient to state a claim.") (internal punctuation and alterations omitted). Thus, Abadi's first argument fails to identify a basis for reconsideration.

Abadi also argues that Exhibit 19 to his proposed amended complaint contains factual matter related to Maria Moschetta, Christine Cha, and Michelle Miranda. See Mem. at 5-6. [3] The exhibit was mentioned in a single paragraph of the complaint related to Abadi's ADA retaliation claim. See Prop. Compl. at *41. In that paragraph, Abadi states:

---

171 beginning on ECF page *28. Our citations herein are to the first set of paragraph numbers (that is on ECF pages *1 to *27). ("*__" refers to the page assigned by the ECF system.)

[3] While the exhibit is labeled as "Exhibit 19," the ECF system annexed it as "Exhibit 20" to the proposed amended complaint. See Docket 51-20.

5

> As you will see in the various reports already attached and in Exhibit 19, where Defendants instated retaliations for Plaintiff's requesting his rights. There were multiple "behavioral flags issued," and Plaintiff knew and felt like he was being treated differently than before and different than any other patient[.]

Id. The vague reference to Exhibit 19 in the context of a retaliation claim, however, is insufficient to put any defendant on notice that the complaint was making particular allegations as to that defendant. The exhibit itself makes no allegations against the defendants but instead seemingly consists merely of notes made by those defendants.

Furthermore, a good deal of Abadi's arguments rely on new allegations that are not contained in the proposed amended complaint. See Mem. 4-7. But any arguments relying on such allegations fail because a court will not consider new factual matter on a motion for reconsideration. See Kent-Friedman v. New York State Ins. Fund, 2023 WL 7280069, at *1 (S.D.N.Y. Nov. 3, 2023) ("A party seeking [re]consideration cannot . . . advance new facts . . . not previously presented to the Court.") (citation and punctuation omitted); accord Kasilingam v. Tilray, Inc., 2023 WL 5352294, at *2 (S.D.N.Y. Aug. 21, 2023).

Finally, Abadi argues that he made factual allegations against Nina Gonzalez but mistakenly spelled her name as "Mina." Mem. at 5. Assuming the Court were to reconsider its decision based on the error, it would have no bearing on the outcome. The allegations against Gonzalez are essentially the same as those brought against Jace Casanovas — which the Court already considered insufficient in its prior decision, see Abadi, 2023 WL 8461654, at *8 — as both Gonzalez and Casanovas were two of the individuals who told Abadi he could not enter without a mask, see Mem. at 5 (Gonzalez "was one of the main actors in the violations that occurred at the Trinity Center."). Specifically, Abadi alleges that (1) Gonzalez "seemed in charge of the floor;" Prop. Compl. ¶ 74; (2) Gonzalez "refused to allow" Abadi to see his doctor, even after he explained the circumstances around his disability, id.; and (3) Gonzalez and

6

Casanovas explained that "in addition to the Hospital policy issue, the Doctor refuse[d] to see [him] without a mask," id. ¶ 76. As we explained in our earlier decision, these allegations do nothing more than "suggest[] [ ] that [Gonzalez] [was] carrying out the existing NYU Langone policy." Abadi, 2023 WL 8461654, at *8.

Accordingly, the first ground for reconsideration fails.

B.   Individual Liability Under the ADA, NYSHRL, and NYCHRL

Abadi argues that the Court erred in interpreting the statutes related to his disability discrimination claims — mainly, the ADA, NYSHRL, and NYCHRL — and in finding that the allegations did not provide a basis for individual liability as to any of the proposed defendants. See Mem. at 8-14.

This ground for reconsideration essentially rehashes arguments that were rejected by the Court in its earlier decision. In support of his argument, Abadi provides excerpts from the NYCHRL, a Second Circuit case holding that the NYCHRL should be construed liberally, a Supreme Court case interpreting the ADA, and several arguments that were already addressed and rejected in the Court's prior decision. Id. But a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc., 684 F.3d at 52 (citation and punctuation omitted). As defendants correctly note, "[p]laintiff merely repeats the arguments raised in his motion to amend, namely that each of the proposed defendants, without anything more, was personally involved in failing to accommodate [p]laintiff . . . ." Opp. at 3. Seeking to have the Court reanalyze the statutes at issue after the Court explained in detail its analysis of how the statutes applied to the factual allegations presented, see Abadi, 2023 WL 8461654, at *5-8, is not a basis for reconsideration.

7

Nonetheless, we note that we reject Abadi's contention that "[t]he Court is essentially saying that denying a person access to a facility because he cannot wear a mask, which is the policy, is therefore not in itself an act of discrimination."  Mem. at 10.  In fact, the Court did not determine that such denial of access could <u>never</u> constitute discrimination; rather, it determined that the policy that forms the basis for denying a person with disability access may be legally permissible if "no reasonable accommodation can be made."  <u>Abadi</u>, 2023 WL 8461654, at *6.  Taken in conjunction with the principle that an individual can only be liable under the statutes if they were "personally involved" in the discrimination, <u>see</u> <u>Cardwell v. Davis Polk & Wardwell LLP</u>, 2021 WL 4434935, at *24 n.13 (S.D.N.Y. Sept. 23, 2021), we held that Abadi failed to allege facts that created the inference that any of the proposed defendants had authority to do more than "the mere implementation of the NYU Langone policy."  <u>Abadi</u>, 2023 WL 8461654, at *8.

Abadi argues that <u>PGA Tour, Inc. v. Martin</u>, 532 U.S. 661 (2001), conflicts with our decision.  <u>See</u> Mem. at 10-12.  <u>PGA Tour, Inc.</u> considered whether allowing a participant in a golf tournament to use a golf cart presented an accommodation that would "'fundamentally alter the nature' of those events."  532 U.S. at 682 (quoting 42 U.S.C. § 12182(b)(2)(A)(ii)).  Abadi fails to show that the "Supreme Court seems to disagree" with our previous decision.  <u>See</u> Mem. at 10.  First, <u>PGA Tour, Inc.</u> construed the ADA, not any state or local statute.  Moreover, <u>PGA Tour, Inc</u> reflects that denial of access claims in the context of disability discrimination present a two-step inquiry: first, whether the person was denied access and second, whether the denial was legally permissible in light of the reasonable accommodation sought.  In other words, <u>PGA Tour, Inc.</u> did not simply consider whether the party in that case was denied access to tournament participation; rather, the issue revolved around the "proper construction of the term

'discrimination,'" which required a consideration of the accommodation sought. 532 U.S. at 682. The Court's decision reflected exactly this requirement. As discussed at length in that decision, Abadi failed to provide any factual allegations suggesting any of the proposed defendants were in a position, or had the authority, to "carefully weigh the purpose, as well as the letter, of the rule before determining that no accommodation would be tolerable," as stated in PGA Tour, Inc., 532 U.S. at 691. Thus, the Court's previous decision aligns with the principles articulated in PGA Tour, Inc.

    C.    Section 1985 and 1986 Claims

Abadi's final ground for reconsideration relates to his section 1985 and 1986 claims. See Mem. at 14-15; see also 42 U.S.C. §§ 1985, 1986. Rather than provide any argument or evidence the Court "overlooked," Abadi simply states "[i]n the Amended Complaint, Plaintiff clarified the class-based animus issue and the meeting of the minds issue." Mem. at 15. The Court considered these allegations in its previous decision and found that they did not plausibly state a claim against the proposed defendants. Abadi gives no reason why that conclusion was incorrect.

Conclusion

For the above reasons, Abadi's motion for reconsideration (Docket # 59) is denied.[4]

Dated: February 2, 2024
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[4] Abadi's memorandum of law states that he seeks to move to amend his complaint once again if reconsideration is denied. Mem. at 4, 7. Defendant's opposition memorandum does not address this request. Construing plaintiff's memorandum as a request for permission to make such a motion under paragraph 2.A of the Court's Individual Practices, the Court waives its pre-motion conference requirement. Given that discovery is nearly concluded, any such motion must be filed within 7 days of this Opinion and Order. The granting of this permission should not be construed as opining on whether Abadi has a proper basis for filing such a motion or whether such a motion would be timely.