UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AARON ABADI,                                        :

          Plaintiff,

                                         :   OPINION AND ORDER
        -against-                                           21 Civ. 11073 (RA) (GWG)
                                         :

NYU LANGONE HEALTH SYSTEM
et al.,                                             :

          Defendants.                             :
------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Pro se plaintiff Aaron Abadi has brought suit against defendants NYU Langone Health System ("NYU Langone" or "NYU") and several NYU Langone employees for discrimination on the basis of disability, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), see 42 U.S.C. §§ 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law. §§ 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq., among other causes of action. See Complaint, filed Dec. 23, 2021 (Docket # 2) ("Compl."). On December 7, 2023, the Court issued an opinion and order denying Abadi's motion to amend his complaint. See Abadi v. NYU Langone Health Sys., 2023 WL 8461654 (S.D.N.Y. Dec. 7, 2023). The Court also denied Abadi's motion for reconsideration of that ruling. See Abadi v. NYU Langone Health Sys., 2024 WL 396422 (S.D.N.Y. Feb. 2, 2024). Abadi has now moved for a second time to amend his complaint, principally to add 7 of the 17 proposed defendants he sought to add in his initial motion to amend.[1] For the following reasons, plaintiff's motion is granted as to one defendant and denied as to the remaining proposed defendants.

---

      [1] See Plaintiff's 2nd Motion for Leave to Add Defendants and Amend the Complaint, filed Feb. 8, 2024 (Docket # 69) ("Mot."); Defendants' Memorandum of Law in Opposition,

I.     BACKGROUND

A summary of the facts giving rise to this action is provided in Abadi, 2023 WL 8461654, at *1-3.  The proposed second amended complaint now before the Court seeks to add 7 defendants, consisting of Fran Drummond, Megan Hender, Jace Casanovas, Nina Gonzalez, Jimmy Estevez, Harvard Protection Services, LLC ("Harvard Protection"), and Alissa Celli.  See Mem. at 5.  Apart from Harvard Protection, NYU Langone's security contractor, and Jimmy Estevez, who is a security guard employed by Harvard Protection, all the proposed defendants are alleged to be employees of NYU Langone.  See Prop. Compl. ¶¶ 1-15.  In Abadi's previous motion to amend, the Court determined that there were insufficient factual allegations as to any of these proposed defendants, thereby making the amendment futile.  See Abadi, 2023 WL 8461654, at *4-10.

The amendments can be summarized as falling into two categories.  First, Abadi provides additional factual matter on several of the proposed defendants, primarily regarding Fran Drummond and Megan Hender.  See Prop. Compl. ¶¶ 128-66.  Second, Abadi seeks to add paragraphs of legal argument challenging the Court's earlier rulings in the first motion to amend and the motion for reconsideration.  See, e.g., id. ¶¶ 283-88, 328-38.

In addition to these changes, Abadi has added language clarifying which causes of action he seeks to bring against all defendants.  These causes of actions are (1) claims under 42 U.S.C. § 1985, see Prop. Compl. ¶¶ 255-307; (2) claims under 42 U.S.C. § 1986, see id. ¶¶ 308-320; (3)

---

filed Feb. 23, 2024 (Docket # 71) ("Opp."); Plaintiff's Memorandum of Law in Reply, filed Feb. 28, 2024 (Docket # 73) ("Reply").

Plaintiff's motion papers consist of a brief and a proposed second amended complaint. We refer to the brief (Mot. at 1-8) as "Mem."  We refer to proposed second amended complaint (Mot. *9-*108) as "Prop. Compl."  ("*__" refers to the page assigned by the ECF system.)

2

disability discrimination claims under the NYCHRL, see id. ¶¶ 321-338; (4) claims related to failure to engage in a cooperative dialogue pursuant to the NYCHRL, see id. ¶¶ 339-346; (5) disability discrimination claims under the NYSHRL, see id. ¶¶ 347-366; (6) claims under the New York State Patients' Bill of Rights, see id. ¶¶ 374-381; and (7) medical malpractice claims, see id. ¶¶ 401-408.[2]

II. LEGAL STANDARD

    A. Law Governing Motions for Leave to Amend

Rule 15(a) provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc., 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citing JennAir Prods. v. Penn Ventilator, Inc., 283 F. Supp. 591, 594 (E.D. Pa. 1968)). The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted). Courts may deny leave to amend for "good reason," which normally involves an analysis of the four factors articulated in Foman v. Davis, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)

---

[2] As for the other causes of action, Abadi specifies that he seeks to either bring them solely against NYU Langone or NYU Langone and Michelle Moorehead (whom is already a defendant in this action). See Prop. Compl. ¶¶ 183-218 (ADA discrimination claims); id. ¶¶ 219-223 (ADA retaliation claims); id. ¶¶ 224-234 (claims under the Rehabilitation Act); id. ¶¶ 235-241 (discrimination in violation of the Patient Protection & Affordable Care Act); id. ¶¶ 242-254 (claims arising out of the Health Insurance Portability and Accountability Act ("HIPAA")); id. ¶¶ 367-373 (NYCHRL discriminatory notice claims); id. ¶¶ 382-391 (Patient Bill of Rights claims pertaining to privacy); id. ¶¶ 392-400 (Patient Bill of Rights claims pertaining to responding to a complaint).

(citing Foman, 371 U.S. at 182). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Empire Merchs., LLC v. Reliable Churchill LLLP, 902 F.3d 132, 139 (2d Cir. 2018) (citation and quotation marks omitted).

"If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party[,] . . . comes into play." Shi Ming Chen v. Hunan Manor Enter., Inc., 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020) (quoting Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012)). "However, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" Id. (quoting Soroof Trading Dev. Co., 283 F.R.D. at 147).

### B. Pro Se Pleadings

In reviewing the proposed complaint, we are mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be construed liberally and interpreted "to raise the strongest arguments that they suggest") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, even pro se pleadings must contain factual allegations that "raise a right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II. DISCUSSION

### A. Addition of Proposed Defendants

In our previous decision, we denied Abadi's request to add the 7 proposed defendants

because such an amendment would be futile. See Abadi, 2023 WL 8461654, at *8. With little need for extended discussion, we determined that no claim was stated under the ADA and other causes of actions as to any of the proposed defendants. See id. at *5-*10. We adhere to that ruling and nothing in the new allegations cures the defects as to any of the causes of action — with the exception of the NYSHRL and the NYCHRL.

As to those statutes, our discussion in the previous decision, see id. at *6-*8, centered on whether Abadi had provided sufficient factual allegations to create the inference that the individual defendants could be found individually liable for disability discrimination under the NYSHRL and NYCHRL, which both provide that "agent[s] or employee[s] of any place of public accommodation" are proper defendants under the statutes. See NYSHRL § 296(2)(a); NYCHRL § 8-107(4) ("any . . . agent, or employee of any place or provider of public accommodation"). In concluding that the complaint's allegations did not create such an inference, the Court reasoned that (1) because a "policy that forms the basis for denying a person with disability access may be legally permissible if no reasonable accommodation can be made," and (2) because liability under both statutes can only result if the individual was "personally involved in the discrimination," Abadi, 2024 WL 396422, at *4 (citation and internal quotation marks omitted), Abadi must allege facts that suggest a proposed defendant had the authority to do more than merely implement NYU Langone's masking policy, see id.

In the proposed complaint, Abadi now seeks to add facts supporting his assertion that these proposed defendants had some form of authority that allowed them to "do more than the mere implementation of the NYU Langone policy." Id.[3] He also seeks to add allegations as to

---

[3] We note that Abadi brings two separate causes of action arising under the NYCHRL against the proposed defendants: disability discrimination (NYCHRL § 8-107(4)) and failure to engage in a cooperative dialogue (NYCHRL § 8-107(28)(b)). See Prop. Compl. ¶¶ 321-46.

5

his claims under 42 U.S.C. §§ 1985 and 1986, primarily related to two defendants. For the most part, these allegations are either not new or conclusory. Thus, we will only address the new factual allegations against each proposed defendant since the Court's prior rulings are now the law of the case.

       1. Jace Casanovas, Nina Gonzalez, and Alissa Celli

As to Jace Casanovas, Nina Gonzalez, and Alissa Celli, Abadi has not provided any new substantive factual allegations that create the inference that these proposed defendants had the authority to do more than implement NYU Langone's policy. Essentially, Abadi makes two new allegations. First, he alleges that Casanovas "introduced himself as the Director [ ] and the main person in charge." Prop. Compl. ¶ 78. Second, he alleges that Gonzalez "was the Operations Manager" at the particular location, see id. ¶ 74, and asserts that she "was in charge of [the] floor," Prop. Compl. ¶ 74, whereas previously he had alleged that she "seemed in charge of [the] floor," 1st Amended Complaint, filed Dec. 7, 2023 (Docket # 57) ("FAC"), ¶ 57. As it relates to Celli, Abadi does not provide any new substantive allegations.

These allegations are insufficient to create an inference that these individuals had the authority to do more than implement NYU Langone's policy. As it relates to Casanovas, Abadi's allegation that he "was in charge of the floor" does not create such an inference. As to Gonzalez, the Court had already considered these allegations in the motion for reconsideration and found them to be insufficient. See Abadi, 2024 WL 396422, at *3 ("The allegations against Gonzalez are essentially the same as those brought against Jace Casanovas — which the Court

---

While "[t]he failure to engage in a cooperative dialogue is independently actionable under the NYCHRL," Goldman v. Sol Goldman Invs. LLC, 2022 WL 6564021, at *5 (S.D.N.Y. Aug. 5, 2022), adopted by 2022 WL 4482296 (S.D.N.Y. Sept. 27, 2022), the similarities in the subsections' wording — mainly, both statutes state that an "employee or agent" can be liable — cause us to consider the two causes of action jointly.

already considered insufficient in its prior decision . . . ."). Because Abadi has failed to provide sufficient factual allegations as to these proposed defendants, the motion is denied as to these three individuals.

### 2. Jimmy Estevez and Harvard Protection

As to these proposed defendants, Abadi's new allegations are less concerned with liability under the NYSHRL and NYCHRL and are more focused on potential liability under 42 U.S.C. §§ 1985 and 1986. See Prop. Compl. ¶¶ 80-85. As an initial matter, Abadi again fails to provide any allegations showing that the proposed defendants — neither of whom is an employee of NYU Langone — had any authority over NYU Langone's masking policy. For those reasons, our earlier decision finding the proposed defendants could not be found liable under the NYSHRL and NYCHRL stands.

As it relates to the 42 U.S.C. §§ 1985 and 1986 claims, Abadi essentially provides two new allegations: (1) Estevez "filed [a] report to his employer," Prop. Compl. ¶ 79; and (2) "Harvard Protection and Mr. Estevez were conspiring with the NYU staff to discriminate by not allowing me to access the facility and by lecturing me in a small exam room, and eventually having me thrown out from the building in front of everyone, with the police," id. ¶ 80.[4] In light of the conclusory nature of these allegations, they do not alter our earlier conclusion that Abadi had not sufficiently alleged claims under sections 1985 and 1986.

The primary basis for our earlier ruling related to these causes of action was two-fold: (1) Abadi's first amended complaint "fail[ed] to show that there was some racial, or perhaps

---

[4] With regard to the first allegation, Abadi claims to have annexed the report in "Exhibit 13-B," which does not appear to be attached to the proposed complaint. This is of no moment as the proposed complaint fails to make any substantive allegations as to what was contained in the report.

7

otherwise class-based, invidiously discriminatory animus behind the conspirators' action," Abadi, 2023 WL 8461654, at *8 (citation and quotation marks omitted); and (2) Abadi failed "to provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end, along with some details of time and place and the alleged effects of the conspiracy," id. (citation, alterations and quotation marks omitted). While both the new allegations seemingly attempt to create an inference that there was a "meeting of the minds" between the defendants for purposes of alleging a conspiracy, neither allegation provides such support. As to the first allegation, the contents of the "report" are entirely unclear and appear to be merely a description of the incidents culminating in the calling of police officers. Thus, the factual allegation does not support an inference that defendants reached an agreement beforehand "to achieve the unlawful end." Abadi, 2023 WL 8461654, at *8 (quoting Benzinger v. NYSARC, Inc. New York City Chapter, 385 F. Supp. 3d 224, 236 (S.D.N.Y. 2019)). The vague nature of this allegation by itself makes it insufficient to create an inference of conspiracy. See Van Stuyvesant v. Crane, 2023 WL 4848404, at *9 (S.D.N.Y. July 27, 2023) (dismissing complaint where plaintiff provided allegations that were "conclusory, vague, and without detail" related to "written communications to at least some of the defendants" about a conspiracy).

As to the second allegation, this too is a conclusory allegation that is insufficient to create an inference of conspiracy.[5] See Sawyers v. McMahon, 2024 WL 665681, at *6 (S.D.N.Y. Jan. 29, 2024) (Section 1985 claim cannot survive where "Plaintiffs advance only vague, conclusory allegations of conspiracy[.]"), adopted by 2024 WL 665205 (S.D.N.Y. Feb. 16, 2024); see also

---

[5] Abadi's new allegation that the responding police officers "conspired with the hospital and its employees to deprive this Plaintiff of his legal rights, by throwing him out of the building," Prop. Compl. ¶ 88, is similarly conclusory.

Fometal S.R.L. v. Keili Trading LLC, 2024 WL 307976, at *13 (S.D.N.Y. Jan. 26, 2024) ("These statements lack 'specific times, facts, and circumstances of the alleged conspiracy' to survive a motion to dismiss.") (quoting DDR Const. Servs., Inc. v. Siemens Indus., Inc., 770 F. Supp. 2d 627, 659-60 (S.D.N.Y. 2011)).

Accordingly, Abadi's request to amend the complaint to add these two proposed defendants is denied.[6]

### 3. Fran Drummond and Megan Hender

The final two proposed defendants are Fran Drummond and Megan Hender. As we explained in our initial decision, these two individuals "pose a closer question." Abadi, 2023 WL 8461654, at *8.

As to Fran Drummond, Abadi provides an excerpt from NYU Langone's interrogatory response indicating that Fran Drummond was "principally involved in overseeing the disability policy and procedures for the locations in question during the relevant time period." Prop. Compl. ¶ 135. We conclude that this admission in the interrogatory creates a reasonable inference that Drummond "personally had the authority to grant plaintiff an accommodation that would allow him to obtain medical services without a mask." See Abadi, 2023 WL 8461654, at *8.

As to Megan Hender, Abadi re-alleges that Redoncic and Pfeffer referred to both Drummond and Hender as "senior leadership." Prop. Compl. ¶ 148; see also Abadi, 2023 WL

---

[6] Additionally, Abadi's invocation of vicarious liability, see Reply at 5-6, is unavailing insofar as he has failed to allege any conduct by Estevez that Harvard Protection could properly be held liable for, see Hakimi v. Guidant Glob., 2023 WL 8005321, at *12 (S.D.N.Y. Nov. 17, 2023) ("[T]here can be no imposition of vicarious liability in the absence of underlying liability.") (citation and internal quotation marks omitted).

8461654, at *1 (describing incident).  Additionally, Abadi alleges that there is an email chain showing that Hender at least in part handled preparations for Abadi's visit to NYU Langone, including that he would receive a "rapid test upon arrival."  Prop. Compl. ¶ 152.[7]  He also indicates the email chain shows Hender took "charge of the accommodations."  Prop. Compl. ¶ 156.  However, none of these allegations are sufficient to state a claim.  As to the requirement that plaintiff would be given a rapid test upon his arrival, nothing suggests that it was Hender who made the decision to require a rapid test.  As to the allegation that Hender was "in charge," Prop. Compl. ¶ 156, this allegation is too vague to allow an inference as to Hender's specific role.[8]  While not necessary for reaching our conclusion, the Court also notes that the excerpt provided by Abadi in his complaint of NYU Langone's interrogatory response, see Prop. Compl. ¶ 135, undercuts his claim since it shows that Fran Drummond was primarily responsible for "overseeing the disability policy."  Because Abadi has failed to provide sufficient factual allegations as to Hender, the amendment to add her as a defendant is denied.

    B. <u>Remaining Issues</u>

Defendants argue that they provided a reasonable accommodation under the ADA or other statutes and as a result the proposed amended complaint does not state a claim as to any of the defendants.  See Opp. at 8-14.  But those arguments rely on factual allegations that are not made in the proposed complaint, see Opp. at 10-12, and thus any argument of this kind cannot

---

[7] While the proposed complaint asserts that the email chain is attached, see Prop. Compl. ¶¶ 136, 151, it does not appear to be in any attachment.

[8] The Court also considered the email excerpt provided in the proposed complaint.  See Prop. Compl. ¶ 34.  The email merely states that "[a]s per Megan Hender, FGP leadership, this case in [sic] under review by NYU Legal department."  See id.  Abadi fails to provide specific allegations stemming from this excerpt.  Furthermore, the excerpt merely shows that Hender provided a status update on Abadi's case and fails to provide insight into Hender's authority.

prevent the filing of an amended complaint, see La Liberte v. Reid, 2023 WL 6593985, at *7 (E.D.N.Y. Aug. 18, 2023) ("[O]n a motion to amend, the court . . . does not consider any evidence except that which is included in or incorporated by reference in the amended complaint."), adopted by 2023 WL 6370772 (E.D.N.Y. Sept. 30, 2023).

Defendants also argue that amendment should be denied because the complaint is moot. See Opp. at 13-14. This argument relies on the assertion that "Mr. Abadi admits that he is no longer constrained by any mask policy." Id. at 13. Defendants give no citation for this statement, however, and the complaint in fact alleges that the masking policy continues in certain instances. See Prop. Compl. ¶¶ 200-01, 207. Thus, this argument cannot prevent the filing of the amended complaint.

Finally, defendants argue "[o]ut of an abundance of caution" that a number of claims in the proposed complaint are futile. Opp. at 17. These claims at issue were already pleaded as to existing defendants in the operative complaint, see, e.g., FAC *42-*43, *63-*66, and thus are not the subject of plaintiff's motion to amend.

As to any of the three issues raised above, defendants are of course free to seek dismissal of these claims in an appropriate dispositive motion.[9]

Conclusion

For the above reasons, Abadi's motion to amend (Docket # 69) the complaint is granted in part and denied in part. Plaintiff may file an amended complaint that matches the proposed

---

[9] We note that a number of Abadi's amendments consist of legal arguments rather than factual allegations. These arguments primarily relate to his 42 U.S.C. § 1985 conspiracy claim and his claims arising under the NYSHRL and NYCHRL. See Prop. Compl. ¶¶ 283-87, ¶¶ 326-38, ¶¶ 342-46, ¶¶ 353-66. Such argumentative statements are improper in a complaint. See Fed. R. Civ. P. 8(a)(2). Defendants, however, have not opposed the filing of the complaint due to the inclusion of these statements. Moreover, defendants are free to deny such allegations on the ground that they consist of argument rather than factual allegations.

amended complaint as long as any proposed defendants other than Fran Drummond are not included in the caption and any new listing of defendants as to specific claims is limited to adding Fran Drummond to the claims under the NYSHRL and NYCHRL (Counts 8, 9 and 10). Any such amended complaint shall be filed within 7 days of the date of this decision.

Dated: April 23, 2024
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge