MEMORANDUM ENDORSED

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AARON ABADI,** | |
| *Plaintiff* | |
| **V.** | **CASE # 21-cv-11073-RA GWG** |
| **NYU LANGONE HEALTH** | |
| **SYSTEM et al,** | |
| *Defendants* | |

# <u>NOTICE OF MOTION</u>

BY:

AARON ABADI, Plaintiff *(pro se)*

82 Nassau Street Apt 140

New York, NY 10038

Tel: 516-639-4100

Email:  abadi.rne@gmail.com

1

PLEASE TAKE NOTICE that upon the accompanying Motion in Limine to Preclude Use of Plaintiff's Deposition Testimony, and all prior pleadings and proceedings had herein, Plaintiff Aaron Abadi, proceeding *pro se*, will move this Court, before the Honorable Ronnie Abrams, U.S. District Judge for the Southern District of New York, at the U.S. Courthouse located at 40 Foley Square, New York, NY 10007, at a date and time to be determined by the Court, for an order:

1.    **Precluding Defendants from using Plaintiff's deposition testimony** for any purpose in this matter, including in support of or opposition to summary judgment, or at trial;

2.    **Sanctioning Defendants** (if appropriate) under Rule 37 of the Federal Rules of Civil Procedure, and/or granting other appropriate relief due to their noncompliance with the stipulation entered at Dkt. 66 and approved by the Court at Dkt. 67; and

3.    Granting such other and further relief as the Court deems just and proper.

Respectfully submitted on April 24, 2025,

*s/Aaron Abadi*

AARON ABADI, Plaintiff *(pro se)*
82 Nassau Street Apt 140
New York, NY 10038
Tel: 516-639-4100
Email:  abadi.rne@gmail.com

2

Motion denied.  Plaintiff provides no reason why the defendants' offering of plaintiff's deposition on summary judgment or trial should be precluded except to argue that the defendants failed to comply with their own obligation to answer interrogatories.  But one party's alleged failure to provide discovery does not excuse an opposing party's failure to provide discovery.  See, e.g., Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 235 (W.D.N.Y. 1998) ("Defendants' failure to respond to Plaintiff's [r]equests does not, however, excuse Plaintiff from complying with Defendants' discovery requests").  The fact that the parties stipulated to certain deadlines to respond to discovery requests in a single document (Docket # 67) did not transform the parties' discovery obligations into contractual obligations such that failure to comply with one obligation excused a failure to comply with another. This is because the parties' obligations to provide discovery are rooted in Rules 30 and 33 of the Federal Rules of Civil Procedure and exist independently of any agreement between the parties.  Finally, to the extent plaintiff is seeking to compel responses to interrogatories that were apparently served by plaintiff over a year ago, that application is denied for failure to comply with paragraph 2.A of the Court's Individual Practices. By so ruling, the Court does not address whether such an application, if properly made, would be timely.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge

May 13, 2025