UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AARON ABADI                                            :

                Plaintiff,                          :         ORDER

  -v.-                                                         :
                                                                               21 Civ. 11073 (RA) (GWG)

NYU LANGONE HEALTH et al.,                  :

                Defendants.                     :
------------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Before the Court is plaintiff's discovery application (Docket # 142), defendants' response (Docket # 145), and plaintiff's reply (Docket # 148). The Court continues to question whether the application is timely but because defendants do not raise the point, the Court does not address it.

      The plaintiff's application appears to seek (1) properly verified responses to "seven" interrogatories, though he does not identify in his letter the "seven" individuals to whom the interrogatories were addressed; and (2) different responses to the interrogatories on the ground that the existing responses contain "boilerplate objections" and constitute "generalized answers by counsel, not the witnesses' personal recollections." (Docket # 142).

      As to verification, plaintiff is entitled to answers to interrogatories signed under oath as set forth in Fed. R. Civ. P. 33(b)(3), (5).[1] Defendants' suggestion that such verification is unnecessary is without merit.

      As to the objections defendants have interposed to the interrogatories, defendants do not appear to raise those objections as justifying any failure to respond to the interrogatories. Accordingly, the Court does not believe it is necessary to rule on whether any of the objections are valid. That being said, the actual interrogatory answers improperly repeat objections within the body of the witness's answer, raising the issue of whether the witness answered the interrogatory "fully" as required by Fed. R. Civ. P. 33(b)(3). This concern is amplified by defendants' repeated assertion that the witnesses answered interrogatories "sufficiently," which may not be the same as being answered "fully" as required by the Rule.

---

[1] The Court notes that some of the interrogatories attached to Docket # 142 were addressed to individuals who are not parties to this action. Normally, there would be no obligation to respond to such interrogatories given that interrogatories may be served only on a "party." Fed. R. Civ. P. 33(b)(1), (2). Here, however, the defendants agreed to answer certain (unidentified) interrogatories (Docket # 67) and the Court assumes that the parties have agreed that the seven interrogatories at issue in this application could be served on non-party employees of the corporate defendant.

As to the substance of the answers to the interrogatories, the interrogatory responses provided by plaintiff are properly responsive to the questions asked. The Court sees no basis for requiring new answers except to the extent that a witness did not "fully" answer the interrogatory.

Accordingly, the Court directs as follows: on or before June 13, 2025, (1) defendants shall serve on plaintiff responses to the interrogatories referred to in Docket # 67 that are signed under oath; (2) the body of the responses shall not make reference to any objections; and (3) the witness shall answer the interrogatory "fully" to the extent any prior response did not represent a full answer.

This disposes of plaintiff's application.[2] If plaintiff seeks to make any application with respect to the new interrogatory responses, plaintiff shall file a letter compliant with paragraph 2.A of the Court's Individual Practices on or before June 20, 2025. In the absence of the filing of such a letter, any motion for summary judgment is returnable before Judge Abrams, shall comply with her Individual Practices, and shall be filed by July 18, 2025.

SO ORDERED.

Dated: May 28, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] It is unclear if plaintiff is seeking relief in his reply letter that differs from the relief sought in his application. If he is, any such request is rejected because it was first raised in a reply letter, is non-compliant with paragraph 2.A of the Court's Individual Practices, and is untimely.