UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AARON ABADI,                                    :

             Plaintiff,                         :

                                                             :   ORDER
        -against-                            :   21 Civ. 11073 (RA) (GWG)
                                                             :
NYU LANGONE HEALTH SYSTEM
et al.,                                                   :

             Defendants.                      :
------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Before the Court are plaintiff's letter raising a discovery dispute (Docket # 152), defendants' response (Docket # 153), and plaintiffs' reply (Docket #155).

Background

      Discovery closed in this matter on November 1, 2022 (Docket # 36). In its December 14, 2023, order, the Court specifically noted that discovery had closed. (Docket # 58). The Court later acceded to the parties' request to engage in certain discovery after that date by "so ordering" a stipulation on January 17, 2024 (Docket # 67). That stipulation extended the due date for summary judgment motions to March 1, 2024. Id. The only discovery the stipulation required of defendants was to respond to interrogatories from plaintiff that were to be served by January 24, 2024. Id. Interrogatories were served by that deadline. (Docket # 153 at 1).

      The Court heard nothing from plaintiff as to any infirmity or delay in the defendants' responses to these interrogatories for more than a year. In the interim, there were multiple requests by defendants on consent for extensions of the summary judgment deadline. (Docket ## 79, 81, 85, 90, 93, 95, 97, 100). Although the initial letters adverted to the parties' resolving discovery matters, starting with the request on February 19, 2025 (Docket # 97), the letters made no mention of any discovery issue, let alone seek court intervention to resolve any dispute. Indeed, not only did plaintiff fail to raise any concern about the adequacy of interrogatory responses, <u>plaintiff actually filed his own motion for partial summary judgment on April 24, 2025</u> (Docket ## 102, 105, 108, 109, 110, 111) — an act completely inconsistent with any belief on plaintiff's part that a discovery issue remained for the Court to resolve.

The first indication the Court had that plaintiff was dissatisfied with the defendants' interrogatory responses came not through a request to resolve a discovery dispute, but rather through a motion in limine filed at the same time as plaintiff's summary judgment motion (Docket # 103). Even in that motion, plaintiff did not seek Court intervention to resolve a dispute regarding the interrogatories. Id. Instead, the only substantive relief sought was to preclude the defendants from using plaintiff's deposition testimony in the defendants' summary judgment briefing and trial on the ground that defendants had not answered the interrogatories. (Docket # 103 at 3, 5).

The Court addressed this request by ruling that any failure to provide proper interrogatories did not justify the preclusion of plaintiff's deposition. (Docket # 129 at 3). It noted that there had been no proper application for relief for a discovery violation. Id. The Court also noted that it was not making any ruling as to whether an application for relief for a discovery violation would be timely. Id.

The plaintiff made an application for relief regarding the interrogatories for the first time in a letter filed May 16, 2025 (Docket # 139). The Court denied the application for failure to comply with paragraph 2.A of the Court's Individual Practices (Docket # 140 at 3). Three days later, on May 19, 2025, the plaintiff then filed letters raising the interrogatory issue. (Docket ## 141, 142). The defendants' response (Docket # 145) did not raise timeliness as an objection. Accordingly, the Court ruled on the merits of what it understood to be the dispute before it based on plaintiff's somewhat confusing letter. (Docket # 149). At the same time, the Court noted its continuing belief that the application was untimely. Id. at 1. The Court also set a new due date for summary judgment motions of July 18, 2025. Id. at 2.

Notwithstanding the Court having made a ruling on the merits of the interrogatory issue as presented in the May 19, 2025, letters, on June 3, 2025, plaintiff filed a letter stating that there still remained a dispute as to the interrogatories. (Docket # 150). The Court rejected the letter as failing to comply with paragraph 2.A. (Docket # 151 at 4).

On June 19, 2025, the plaintiff filed the letter raising the instant dispute. (Docket # 152). In their opposition, the defendants raised the issue of timeliness as well as addressing the substance of the dispute. (Docket # 153 at 1 n.1, 2-4). The defendants also noted that they had complied with the Court's ruling (Docket # 149) requiring them to provide new interrogatory answers. Id.

Discussion

In its initial scheduling order, the Court warned the parties that

Discovery applications -- that is, any application or motion pursuant to Rules 26 through 37 or 45 -- not only must comply with ¶ 2.A. of the Court's Individual Practices but also must be made promptly after the cause for such an application arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

(Docket # 36, ¶ 9).

Here, plaintiff did not bring to the Court's attention any issue regarding the defendants' failure to provide proper interrogatories until more than a year after the interrogatory responses were due  Even if defendants failed to serve proper responses, given that the discovery period had long ago concluded, plaintiff certainly did not act "promptly after the cause for [the] application ar[ose]"  (Docket # 36, ¶ 9).

Plaintiff's failure to comply with the promptness requirement is starkly demonstrated by the filing of his own summary judgment motion on April 24, 2025, without any effort to resolve what he now claims was an issue regarding interrogatories.  Apparently, plaintiff was gambling that he could simply preclude the defendants' use of his deposition in their summary judgment papers if he proved that defendants failed to comply with their obligations regarding interrogatories.  The Court rejected that position (Docket # 129) and plaintiff cannot make his untimely request timely simply because he lost this gamble.  Plaintiff rewrites history by suggesting that "Plaintiff could no longer wait" for the interrogatories.  (Docket # 155 at 3).  In fact, plaintiff was quite content to not get the interrogatory answers at all since, as of April 24, 2025, plaintiff was prepared to move forward with summary judgment without any answers to those interrogatories.

In sum, we find the instant application untimely.

Even if it were not untimely, the Court denies the application on the merits because plaintiff's letter application fails to justify the provision of any further relief.

First, the Court has reviewed the interrogatory responses that have been presented and sees no infirmity in their substance or with the fact that defendants' attorney may have been involved in drafting the responses.  To the extent that plaintiff believes they are false or do not align with facts, that is an argument to be made in the course of summary judgment briefing or trial.  It does not justify requiring new answers to the interrogatories.

Next, as to the lack of responses from five nonparty witnesses, interrogatories may only be served on a "party" and thus interrogatory answers cannot be expected from a nonparty.  Fed R. Civ. P. 33(b)(1), (2).  While defendants apparently agreed to provide interrogatory answers from nonparties, there is no evidence that those nonparties gave them authority to make agreements on their behalf.  In any event, no process can issue from this Court requiring a nonparty to respond to interrogatories as any such order would be unauthorized by any rule.

As for plaintiff's request for the addresses of the five nonparty witnesses (Docket # 152 at 3), the Court will not require defendants to provide the addresses.  To the extent it is plaintiff's intention to serve interrogatories on these nonparties, any such effort is not authorized by the Federal Rules of Civil Procedure, as already explained.  To the extent plaintiff plans to subpoena these individuals for depositions, the Court will not re-open discovery for this purpose.  Plaintiff had the opportunity to conduct discovery as to the multiple defendants in this case and has already gotten responses to 11 sets of interrogatories from various witnesses.  Further, no

3

restrictions were placed by the Court on plaintiff's ability to take any necessary depositions. The Court has been given no reason why depositions from the five nonparty witnesses would be proportionate to the needs of this case within the meaning of Fed. R. Civ. P. 26(b)(1), particularly at this late stage of the proceedings.

Conclusion

For the reasons stated above, the motion to compel (Docket # 152) is denied. Any motion for summary judgment is returnable before Judge Abrams, shall comply with her Individual Practices, and shall be filed by July 30, 2025.

SO ORDERED.
.
Dated: July 2, 2025
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge