UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON ABADI,

                Plaintiff,

        v.

NYU LANGONE HEALTH SYSTEM,
CICIL CHAMAKALAYIL, KIRK A.
CAMPBELL, ANA BARBECHO, JOHN G.
ZAMPELLA, MICHELLE MOOREHEAD
and FRAN DRUMMOND,

                Defendants.

No. 21-cv-11073 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Aaron Abadi, proceeding pro se, filed this action under the Americans with Disabilities Act ("ADA") and New York State discrimination statutes, alleging that NYU Langone Health System and several of its employees discriminated against him by denying access to their facilities unless he wore a mask during the COVID-19 pandemic. Now before the Court are Plaintiff's objections to two discovery orders issued by Magistrate Judge Gorenstein: (1) a May 13, 2025 order denying Plaintiff's motion in limine to preclude Defendants' use of Plaintiff's deposition, Dkt. No. 129; and (2) a July 2, 2025 order denying Plaintiff's motion to compel Defendants to supplement their interrogatory responses, Dkt. No. 156. For the reasons that follow, Judge Gorenstein's orders are affirmed and Plaintiff's objections are dismissed.

## BACKGROUND

    The Court assumes familiarity with the factual background and procedural history of this case and includes only the facts necessary to address the instant objections.

Discovery in this matter closed on November 1, 2022. Dkt. No. 36 (requiring all document requests and interrogatories to be served by October 31, 2022). After the parties sought leave to engage in limited, additional discovery, Judge Gorenstein, to whom this matter was referred for general pretrial purposes, so-ordered a joint stipulation on January 17, 2024. Dkt. No. 67. The stipulation obligated Plaintiff to sit for a deposition in the following weeks and required Defendants to respond to several interrogatories that Plaintiff was to (and did) serve by January 24, 2024. *See id.* at 1.

In the year that followed, neither party notified the Court of any discovery dispute over the stipulation. During that time, Defendants requested several extensions of the summary judgment deadline, which Judge Gorenstein granted. *See* Dkt. Nos. 79, 81, 85, 90, 93, 97, 100. Plaintiff filed his own motion for partial summary judgment on April 24, 2025. *See* Dkt. Nos. 105–09, 111. Along with that motion, Plaintiff filed a motion in limine seeking to preclude the use of his deposition testimony at summary judgment or trial—the first mention of any dispute relating to the parties' earlier stipulation. Dkt. No. 103. Plaintiff's motion argued that Defendants failed to adequately respond to his interrogatories, in violation of their stipulation. *See id.* at 2. Because his deposition testimony was purportedly "conditioned on Defendants' reciprocal agreement to respond to Plaintiff's interrogatories," he urged the Court to preclude use of his testimony as a "sanction[]" under Federal Rule of Civil Procedure 37. *Id.* at 3–4.

Judge Gorenstein denied that request. *See* Dkt. No. 129 at 3. He explained that Plaintiff's obligation to sit for a deposition was not tied to Defendants' answering of the interrogatories. He further stated that Plaintiff's motion was filed in violation of his Individual Civil Rule 2.A, which requires parties to meet and confer and hold a pre-motion conference before the filing of any discovery motion. Judge Gorenstein expressly declined to address whether it was too late for

Plaintiff to raise this issue. *See id.* ("By so ruling, the Court does not address whether such an application [under Individual Civil Rule 2.A], if properly made, would be timely."). Plaintiff filed an objection to that order the following day, the first objection at issue here. Dkt. No. 133.

That same week, Plaintiff submitted another letter raising the interrogatory issue to Judge Gorenstein, Dkt. No. 139, which he again denied for failure to comply with his individual rules, Dkt. No. 140. Plaintiff then filed a compliant pre-motion letter on May 19, 2025, Dkt. Nos. 141–42, which asserted that seven of Defendants' interrogatory responses were insufficient because they "consist[ed] primarily of boilerplate objections and generalized answers by counsel, not the witnesses' personal recollections." Dkt. No. 142 at 2. He asked Judge Gorenstein to order Defendants to produce revised responses from these seven witnesses, "without boilerplate objections or attorney-drafted repetition." *Id.* at 3. Judge Gorenstein generally agreed that Defendants' responses were inadequate and ordered them to produce revised answers by June 13, 2025, which they did. *See* Dkt. No. 149. He also expressed doubt that Plaintiff's motion was timely, but did not address that issue given that Defendants had not raised it. In light of the outstanding discovery disputes, Judge Gorenstein gave Plaintiff the opportunity to withdraw his pending summary judgment motion and refile a new one at a later date, which Plaintiff accepted. *See* Dkt. No. 144.

On June 3, 2025, Plaintiff filed a letter stating that there remained a dispute over the interrogatories, because he was actually objecting to *sixteen* interrogatory responses, not the seven he had initially challenged. *See* Dkt. No. 150. Judge Gorenstein denied that application for failure to comply with his Individual Civil Rule 2.A. *See* Dkt. No. 151. Plaintiff then filed another letter about the dispute on June 19, 2025, which led to the second objection before this Court. Dkt. No. 152. His letter argued that Defendants had not provided responses to five of his sixteen

3

interrogatories, and had failed to provide last known addresses for the witnesses to whom the missing five were addressed. He further asserted that the eleven responses were deficient because they were "drafted by counsel," "not written in the voice of the witnesses," and because they were "evasive" and "contradict[ed]" by documentation. *Id.* at 2.

Defendants opposed Plaintiff's request. *See* Dkt. No. 153. They argued that his most recent application was untimely, as it newly expanded the scope of his dispute to sixteen interrogatories as opposed to the initial seven. *See id.* at 1. They also argued that Defendants had provided responses to eleven of the interrogatories—and had supplemented several in response to Judge Gorenstein's prior order—and that each fully complied with their discovery obligations. *See id.* at 1. Defendants further explained that the remaining five interrogatories asked for last-known addresses of five nonparties, which Defendants were hesitant to provide due to a concern that Plaintiff would harass them. *See id.* at 3. Defendants nonetheless offered to provide the addresses *in camera* so the Court and Clerk of Court could arrange for the United States Marshals to serve subpoenas on them. *See id.*

Judge Gorenstein denied Plaintiff's request for further relief on the interrogatory responses, concluding that it was untimely and failed on the merits. *See* Dkt. No. 156. He explained that Plaintiff had failed to raise any issue with Defendants' interrogatory responses until more than a year after they were due, and even after Plaintiff filed his own summary judgment motion in April 2025. *See id.* at 3. As for the merits, Judge Gorenstein ruled that Defendants' revised interrogatory responses were not deficient, and that there was no issue with the fact that Defendants' counsel was involved in drafting them. *Id.* He also denied Plaintiff's request for further discovery on the five non-party witnesses, explaining that the Federal Rules do not authorize interrogatories on non-

4

parties to begin with, and that discovery would not be reopened to allow for subpoenas on them. *See id.* at 3.

Plaintiff then filed his second objection on July 4, 2025, disputing Judge Gorenstein's rulings on timeliness and on the merits. Dkt. No. 157.

## LEGAL STANDARD

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). With respect to non-dispositive matters, such as the discovery matters at issue here, a district court "must consider timely objections" to a magistrate judge's order "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Goonewardena v. N.Y. Workers Comp. Bd.*, No. 09-cv-8244 (RA), 2015 WL 3404078, at *1 (S.D.N.Y. May 27, 2015) ("Matters concerning discovery generally are considered nondispositive of the litigation.").[1] "A magistrate judge's order is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *David v. Weinstein Co. LLC*, No. 18-cv-5414 (RA), 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

This standard is "highly deferential," and "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Secs., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). Thus, a party seeking to overturn a magistrate judge's decision carries a "heavy burden." *Weinstein Co.*, 2020 WL 4042773, at *3.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

5

The Court generously construes a pro se litigant's filings and interprets them to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

## DISCUSSION

### I.     First Objection

Plaintiff's first objection is made to Judge Gorenstein's May 13, 2025 order denying the motion in limine to preclude Defendants from using Plaintiff's deposition testimony. *See* Dkt. No. 133. The objection argues that Judge Gorenstein's ruling was clearly erroneous because it "mischaracterizes the nature of the parties' stipulation." *Id.* at 2. In Plaintiff's telling, that stipulation was a "conditional" agreement, that permitted Defendants to take Plaintiff's deposition only if they responded to several new interrogatories. *Id.* at 2–3. Judge Gorenstein thus clearly erred, Plaintiff says, by allowing Defendants to use his deposition even though they did not answer those interrogatories.

The objection is overruled. As a threshold mater, Judge Gorenstein also denied Plaintiff's motion because it failed to comply with his Individual Rule 2.A, which requires parties to meet and confer and then hold a pre-motion conference with the Court prior to filing any discovery motion. *See* Judge Gorenstein Individual Practices Rule 2.A. Plaintiff failed to comply with those requirements and his motion was thus properly denied on that basis alone.

Nor does the Court find clear error with Judge Gorenstein's ruling on the merits. Plaintiff insists that the parties' January 17, 2024 stipulation was "conditional" to the point that Defendants would be precluded from using his deposition if they failed to respond to his interrogatories. Dkt. No. 133 at 2. Not so. The stipulation nowhere says or suggests that the parties agreed to the exclusion of their sought-after discovery if the other side failed to comply—it says only that the parties had agreed to engage in limited additional discovery, consisting of Plaintiff's deposition

and answering of several interrogatories. *See* Dkt. No. 67. Judge Gorenstein was right to conclude that "[t]he fact that the parties stipulated to certain deadlines to respond to discovery requests in a single document did not transform the parties' discovery obligations into contractual obligations such that failure to comply with one obligation excused a failure to comply with another." Dkt. No. 129 at 3. And in any event, Defendants *had* provided responses to those interrogatories, and Plaintiff's objection was only that those responses were insufficient. The proper remedy for those purported insufficiencies would be to file a motion to compel production of more fulsome responses under Federal Rule of Civil Procedure 37, as Plaintiff eventually did (and which culminated in the second objection, addressed below). Judge Gorenstein did not clearly err in denying Plaintiff's motion to preclude other evidence, so this objection is overruled.

## II.     Second Objection

Plaintiff's second objection is made to Judge Gorenstein's July 2, 2025 order denying Plaintiff's motion to compel. As mentioned, after Plaintiff's motion in limine was denied, he eventually filed a motion to compel more fulsome responses to seven of the interrogatories, which Judge Gorenstein granted. *See* Dkt. No. 149 at 2 (requiring Defendants to provide signed interrogatories under oath that do not include objections in the body of the responses and that include "full[]" answers). Once Defendants provided updated responses to those seven interrogatories, Plaintiff filed a motion to compel arguing more broadly that sixteen interrogatories were deficient for various reasons, which Judge Gorenstein denied as untimely and without merit. *See* Dkt. No. 152. Plaintiff's second objection argues that those rulings were in clear error, as he had good reason for not raising this dispute earlier and that Defendants' responses were deficient. *See* Dkt. No. 157.

7

This objection is also overruled. First, Judge Gorenstein did not clearly err in rejecting Plaintiff's motion to compel as untimely. As Plaintiff does not dispute, he did not raise this discovery dispute until more than a year after the interrogatories were served, and only did so on the very same day he filed his motion for summary judgment. Plaintiff argues that he had no choice but to file both motions simultaneously, because this Court's Individual Rules do not permit extension requests within "48 hours" of a deadline. *See id.* at 5. But that rule applies only to requests "for an adjournment of a court appearance," not extension of a briefing deadline, which means that Plaintiff was free to request an extension at any point. Individual Civil Rule 1(D). And that nuance is beside the point anyway, since Plaintiff could have raised the interrogatory issue at any point during the year *prior* to the 48-hour period preceding the summary judgment deadline. Nor is there merit to Plaintiff's argument that he failed to raise this issue due to Defendants' "bad-faith delays"; indeed, any such delays should have been the very thing that prompted Plaintiff to seek relief at any earlier point. Dkt. No. 157 at 6. While Plaintiff of course receives some leniency by dint of his pro se status, he offers no good explanation for his eleventh-hour motion in limine, and Judge Gorenstein did not clearly err in denying it as untimely.

Second, the Court finds no clear error in Judge Gorenstein's ruling that Plaintiff's motion failed on the merits. As Judge Gorenstein explained, there is nothing objectionable with an attorney assisting a witness in drafting interrogatory responses; indeed, that is typically how such responses are prepared in the legal profession. *See* Dkt. No. 156 at 3. And to the extent Plaintiff believes that any of the responses are wrong or contradicted by other evidence, he should make those arguments in his summary judgment papers. Finally, the Court sees no issue with Judge Gorenstein's refusal to compel Defendants to provide the last known addresses of the nonparty

witnesses, given that interrogatories cannot be served on nonparties and that discovery was already closed, making any desired attempt to subpoena them for depositions futile.

## CONCLUSION

Judge Gorenstein's rulings are affirmed and Plaintiff's first and second objections are overruled. Per Judge Gorenstein's July 8, 2025 order, the parties shall file a joint letter to Judge Gorenstein proposing a new deadline for summary judgment motions within three days of this order. *See* Dkt. No. 159.

SO ORDERED.

Dated:   August 18, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge